UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 09-cv-62042-ZLOCH/ROSENBAUM

HYLTON NESBETH, WAYNE GALLIMORE,
and CHRISTOPHER WALKER,

              Plaintiffs,

v.

USIMO, a foreign corporation; WACHOVIA
BANK, a North Carolina corporation; JOSEPH
ISSA, a foreign resident; MZ HOLDINGS
LIMITED, a foreign corporation; JARED
MARTINEZ, a Florida resident; ISAAC
MARTINEZ, a Florida resident; DAVID SMITH,
a foreign resident; NEVILLE CADOGAN, a
foreign resident; BRIAN TROWBRIDGE, a
foreign resident; MICHAEL MISICK, a foreign
resident; THE TURKS AND CAICOS ISLANDS
FINANCIAL SERVICES COMMISSION, a
foreign Government Regulatory Agency;
OVERSEAS LOCKET INTERNATIONAL
CORPORATION, a foreign corporation;
MARKET TRADERS INSTITIUTE INC., a
Florida corporation; I-TRADE FX, LLC, a Florida
corporation; HALLMARK BANK AND TRUST
LTD., a foreign bank; TCI BANK LIMITED, a
foreign bank; MASTERCARD WORLDWIDE, a
New York corporation; and COOL
CORPORATION, a foreign corporation,

              Defendants.
_____/

**DEFENDANT MASTERCARD WORLDWIDE'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 AND INCORPORATED MEMORANDUM OF LAW**

Named defendant "MasterCard Worldwide" [1] ("MasterCard") moves (1) pursuant to 28 U.S.C. § 1927 ("Section 1927") for an award of sanctions against counsel for the plaintiffs, David P. Rowe, Esq., and his law firm, Law Office of David P. Rowe (collectively, "Plaintiffs' counsel") and (2) for bifurcation of the issues of entitlement to sanctions and amount of sanctions that should be awarded.  The complaint in this case (the "Complaint") (Doc. 1) asserts six claims against MasterCard, and this motion is predicated on the wholly frivolous nature of all of those claims – half of which unequivocally cannot be brought by private litigants (like those here) – which were asserted <u>after</u> Plaintiffs' counsel knew or should have known that they were frivolous.  As shown below, Plaintiffs' counsel's conduct warrants sanctions under Section 1927.[2]

To be sure, MasterCard and its counsel fully appreciate the serious nature of this motion, and have refrained from seeking sanctions against Plaintiffs' counsel for over six months while giving him ample opportunities to dismiss or, at a minimum, replead claims.  Plaintiffs' counsel initiated this case based on the alleged operation of a foreign currency trading Ponzi scheme by defendants other than MasterCard.  This case is the most recent of eight related cases filed by Plaintiffs' counsel since March 2009.  Rather than dismissing or repleading claims against MasterCard, Plaintiffs' counsel continued to file lawsuits.  As discussed below, the sparse and

---

[1]     The Complaint names "MasterCard Worldwide" as a defendant, but no such corporate entity exists.  Instead, the name "MasterCard Worldwide" is a name under which MasterCard International Incorporated does business.

[2]     As shown in this motion, Plaintiffs' counsel failed to conduct a reasonable inquiry – or, worse, ignored its results – before filing this suit as against MasterCard.  Thus, his conduct also violates Rule 11 of the Federal Rules of Civil Procedure.  As such, to the extent the Court denies sanctions pursuant to Section 1927, pursuant to Rule 11(c)(3) it should order Plaintiffs' counsel to show cause why sanctions should not be imposed for, at a minimum, violation of Rule 11(b)(2).  *See, e.g.*, *Torres v. City of Orlando*, 264 F. Supp. 2d 1046, 1054 n.18 (M.D. Fla. 2003).

1

thin allegations in the Complaint against MasterCard, the arguments for dismissal in Defendant MasterCard Worldwide's Motion to Dismiss the Complaint and Incorporated Memorandum of Law filed in this case ("MasterCard's Motion to Dismiss") (Doc. 11), motions to dismiss filed in some of the other related cases brought by Plaintiffs' counsel, and communications between MasterCard's counsel and Plaintiffs' counsel unequivocally demonstrate that by filing this case Plaintiffs' counsel unreasonably and vexatiously multiplied proceedings in violation of Section 1927.  Plaintiffs' counsel has left MasterCard with no choice but to file this motion to begin the process of recovering, at a minimum, all of its fees and expenses in connection with this case, all of which were unnecessarily incurred because of Plaintiffs' counsel's violation of Section 1927.

## FACTUAL BACKGROUND

**This Case.**  On December 2, 2009, Plaintiffs' counsel commenced this action by filing the Complaint in the 17th Judicial Circuit Court of Florida in and for Broward County.  *See* The Declaration of Gianluca Morello in Support of Defendant MasterCard Worldwide's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 ("Morello Declaration") ¶ 3, being filed along with this motion  This case (and, as discussed below, at least seven other cases brought by Plaintiffs' counsel) arises out of the plaintiffs' alleged investment in a foreign currency trading Ponzi scheme operated out of the Turks and Caicos Islands and, according to the plaintiffs' own allegations, perpetrated by defendants other than MasterCard (the "FOREX trading scheme"). *See* Compl. ¶¶ 62, 63, 89.  Against MasterCard, the Complaint asserts six claims:

- for purported violation of Sections 5(a) and 5(c) (the "Section 5 claims") of the Securities Act of 1933 (the "Securities Act") (identified in the Complaint as the "First Claim");

- for purported violation of Sections 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Act (the "Section 17 claims") (identified in the Complaint as the "Second Claim" and "Third Claim");

- for purported "Misrepresentation," which although not entirely clear, appears to be a claim for violation of Section 10(b) of the Securities Exchange Act of 1934 (the

2

"Exchange Act") and Securities and Exchange Commission Rule 10b-5 (collectively, the "Section 10(b) claim") (identified in the Complaint as the "Fourth Claim");

- for MasterCard's purported role as "Custodian of Investor Funds," which although not entirely clear, appears to be a claim for unjust enrichment (identified in the Complaint as the "Seventh Claim"); and

- for purported violation of the Bank Secrecy Act, as amended by the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 (collectively, the "Patriot Act") (identified in the Complaint as the "Ninth Claim").

On December 29, 2009, defendant Wachovia Bank, N.A., removed this action based on the Court's federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal at 1-2 (Doc. 1). On February 12, 2010, MasterCard moved to dismiss all of the claims asserted against it. *See generally* MasterCard's Mot. to Dismiss.

**Related Cases Filed By Plaintiffs' Counsel And Some Of The Same Plaintiffs As Here.** By the time this case was filed, Plaintiffs' counsel had already filed <u>seven</u> substantively identical cases against MasterCard (and other defendants in this case) on behalf of alleged investors in the purported FOREX trading scheme (the "related cases"). *See* Morello Decl. ¶¶ 4, 6 & Exs. 1-7. Those cases are: (1) *Walker v. Hallmark Bank & Trust Ltd. et al.* (filed on March 30, 2009); (2) *Ross et al. v. Hallmark Bank & Trust Ltd. et al*. (filed on June 18, 2009); (3) *Harrington et al. v. Hallmark Bank & Trust Ltd. et al.* (filed on July 2, 2009); (4) *Belcher et al. v. Martinez et al.* (filed on August 18, 2009); (5) *Jones v. Lewis et al.* (filed on October 16, 2009); (6) *Dowe v. Usimo et al.* (filed on October 22, 2009); and (7) *Levina et al. v. Harrison et al.* (filed on November 10, 2009).[3] *See* Morello Decl. ¶¶ 5, 6 & Exs. 1-7.

---

[3] The first of the related cases, *Walker*, was originally filed in state Court, then removed to this Court (*see* Case No. 09-cv-60746-COHN/SELTZER), subsequently remanded, and removed again. *See* Morello Decl. ¶ 7. That case is currently pending in this Court as Case Number 09-cv-61978-COHN/SELTZER. The rest of the related cases are pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* Morello Decl. ¶ 8. *Ross* is docketed as Case Number CACE 09033903; *Harrington* is docketed as Case Number CACE

With respect to MasterCard, the complaint in this and in each of the related cases relies on essentially the same sparse allegations: that the alleged FOREX trading scheme was perpetrated by defendants other than MasterCard, but that MasterCard should be liable because one of the alleged participants, Hallmark Bank & Trust Ltd., a bank licensed by the Turks & Caicos Financial Services Commission, is licensed to issue MasterCard-branded payment cards, as are many other banks throughout the world. *See generally* Compl. *and* Complaints from related cases, attached as Exhibits 1 to 7 to the Morello Declaration. As discussed in MasterCard's Motion to Dismiss in this case; in its motions to dismiss each of the related cases in which MasterCard has been served with process – all of which motions were served on Plaintiffs' counsel <u>before</u> he filed this case (*see* Morello Decl. ¶¶ 9, 10 & Exs. 8-10); and in communications between MasterCard's counsel and Plaintiffs' counsel from <u>before</u> this case was filed (*see id.* ¶¶ 14-16 & Exs. 11, 12), even if the plaintiffs' factual contentions are true, they do not support any claim against MasterCard, let alone the claims asserted in the Complaint. Indeed, those factual contentions do not come remotely close to supporting claims under the most liberal of pleading standards, let alone the more stringent pleading requirements imposed for the common law fraud, securities fraud, and conspiracy claims, a combination of which

---

09036940; *Belcher* is docketed as Case Number CACE 09045744; *Jones* is docketed as Case Number CACE 09056601; *Dowe* is docketed as Case Number CACE 09057623; and *Levina* is docketed as Case Number CACE 09061121. *See* Morello Decl. ¶ 8.

Although MasterCard has not been served with process in *Belcher*, *Jones*, *Dowe*, or *Levina*, in the spirit of cooperation and accommodation to plaintiffs that MasterCard has consistently displayed in this and each of the related cases, MasterCard's counsel agreed to accept service on the condition that he be provided with complete copies of the complaints and their exhibits in each of those cases so that service could be accepted at the same time and the cases could proceed on parallel tracks. *See* Morello Decl. ¶¶ 11, 12 & Ex. 11. As explained below, MasterCard and its counsel has never received those documents. *See id.* ¶ 12.

4

forms the bulk of the claims in this and every other related case. *See generally* Complaints from related cases, Morello Decl. Exs. 1-7.

This case and each of the related cases falls into one of two categories: cases which mainly assert federal securities claims (the "federal claims cases") and cases which mainly assert Florida state law claims (the "state claims cases"). The federal claims cases are this case and *Belcher*, *Jones*, and *Dowe*. As against MasterCard, all of the federal claims cases attempt to assert Section 5 claims, Section 17 claims, Section 10(b) claims, and claims for unjust enrichment. *See* Compl.; Morello Decl. Exs. 4-6. This case also includes a claim against MasterCard for purported violation of the Patriot Act. *See* Compl. at 43-44. The state claims cases are *Walker*, *Ross*, *Harrington*, and *Levina*. As against MasterCard, the state claims cases attempt to assert all or a combination of the following claims: for violation of Florida's Civil Racketeer Influenced and Corrupt Organizations Act ("FRICO"), for fraudulent conveyances, for civil conspiracy, for fraudulent misrepresentations, for unjust enrichment, and for an accounting. *See* Morello Decl. Exs. 1-3, 7.

As noted above, this and some of the related cases share some of the same plaintiffs. And in some instances, those plaintiffs assert the same claims against MasterCard in multiple related cases. Specifically, Christopher Walker is a plaintiff in both this case and in *Walker*, and in both cases asserts against MasterCard the identical unjust enrichment claim. *Compare* Compl. *with* Morello Decl. Ex. 1. John Ross is a plaintiff in both *Ross* and *Harrington*, and in both cases asserts against MasterCard the identical five claims. *Compare* Morello Decl. Ex. 2 *with id.* Ex. 3. Brian Dunn is a plaintiff in this case and in *Ross*, and in both cases asserts against MasterCard the identical unjust enrichment claim. *Compare* Compl. *with* Morello Decl. Ex. 2. Sean Belcher is a plaintiff in three related cases (*Ross*, *Harrington*, and *Belcher*) and asserts identical claims

5

against MasterCard in the first two of these cases, including a claim for unjust enrichment which is identical to a claim asserted in *Belcher*. *Compare* Morello Decl. Ex. 2 *with id.* Ex. 3 *and id.* Ex. 4. Wayne Gallimore and Henry Lowe are plaintiffs in this case and in *Harrington*, and in both cases assert against MasterCard identical unjust enrichment claims. *Compare* Compl. *with* Morello Decl. Ex. 3. Plaintiffs' counsel has not explained the reason for this duplication, which, of course, has required unnecessary expenditure of additional resources by MasterCard.

**Notice That The Claims Against MasterCard Are Frivolous.** On May 21, 2009, shortly after MasterCard was served with the complaint in the first-filed related case, *Walker*, MasterCard's counsel informed Plaintiffs' counsel that the claims asserted against MasterCard were not supported by the plaintiffs' own factual contentions and that they were frivolous and that Plaintiffs' counsel had no basis to assert any claim against MasterCard. Morello Decl. ¶¶ 13-14. MasterCard's counsel asked Plaintiffs' counsel to dismiss those claims or, at a minimum, to try to replead them, and informed him that otherwise MasterCard would seek sanctions. *Id.* ¶ 14.

In response, Plaintiffs' counsel stated that his claims and allegations were adequate, but that in any event he would discuss the request with the pertinent clients. *Id.* ¶ 15.[4] Plaintiffs' counsel did not dismiss or amend the claims. *Id.* On June 11, 2009, MasterCard moved to dismiss the complaint in that case; that motion discusses in detail the frivolous nature of those

---

[4] This discussion was acknowledged in an affidavit filed by plaintiff Christopher Walker in *Walker* in opposition to MasterCard's motion to dismiss in that case. Mr. Walker stated: "I will not be intimidated by MasterCard's rule 11 threats into voluntarily dismissing the lawsuit." Case No. 09-cv-60746, Aff. of Dr. Christopher Walker to Support Pl.'s Resp. to MasterCard Worldwide's Mot. to Dismiss ¶ 24 (Doc. 28). As shown in this motion, MasterCard had ample bases for moving for sanctions and was not trying to "intimidate" or "threaten" Mr. Walker or anyone else.

claims.[5]  *See* Case No. 09-cv-60746, Def. MasterCard Int'l, LLC's Mot. to Dismiss the Compl. & Inc. Mem. of Law (Doc. 9).  Despite that discussion and MasterCard's motion to dismiss *Walker*, which also alerted Plaintiffs' counsel that his attempts to recover from MasterCard were frivolous,[6] Plaintiffs' counsel filed <u>six</u> more related cases against MasterCard with overlapping plaintiffs and claims <u>before</u> he filed this case.

Among those cases, were three federal claims cases which, as explained above, included all but one of the claims asserted in this case (*i.e.*, *Belcher*, *Jones*, and *Dowe*).  As discussed in depth in MasterCard's Motion to Dismiss in this case, none of the claims asserted against MasterCard in the federal claims cases comes even remotely close to being supported by plaintiffs' sparse factual contentions regarding MasterCard.  Indeed, <u>three of the six</u> claims asserted against MasterCard in this case unequivocally cannot be asserted by private plaintiffs. *See* MasterCard's Mot. to Dismiss at 8, 16-17.  After the filing of related federal claims cases – and <u>before</u> this case was filed – MasterCard's counsel asked Plaintiffs' counsel to dismiss those claims or, at a minimum, to try to amend the complaints.  On October 30, 2009, MasterCard's counsel wrote:

> In essence, these cases attempt to assert claims against MasterCard under the registration requirements and anti-fraud provisions of the federal securities laws. Putting aside the complaints' failure to identify any "security" that was sold or offered for sale by MasterCard (or any other party) or any purported representation by it, the allegations in the complaints fall far short of supporting

---

[5]  Before MasterCard's motion to dismiss *Walker* was heard, this Court remanded that case. *See* Case No. 09-cv-60746, Order Granting Mot. to Remand (Doc. 32).  In state court, MasterCard again moved to dismiss the complaint, but before that motion was heard the case was removed back to this Court.  On December 28, 2009, MasterCard re-filed the motion to dismiss which it filed the first time this case was removed to this Court.  *See Walker*, Case No. 09-cv-61978, Def. MasterCard Int'l, LLC's Mot. to Dismiss the Compl. & Inc. Mem. of Law (Doc. 15).

[6]  MasterCard served and filed in state court equally detailed motions to dismiss in *Ross* and *Harrington* on July 30, 2009.  *See* Morello Decl. ¶ 10 & Exs. 9, 10.

7

> any cognizable claim against MasterCard, let alone a claim under the federal securities laws, which are governed by stringent pleading requirements. Indeed, the complaints do not even satisfy the most basic conditions for initiating suit against MasterCard. As such, MasterCard intends to move for sanctions.
>
> However, before we take any steps in that direction, we would like to extend to you and the plaintiffs an opportunity to voluntarily dismiss MasterCard from these suits or to amend the complaints to conform with your obligations.

Oct. 30, 2009, ltr. from G. Morello to D. Rowe, Morello Decl. Ex. 11.

In response, Plaintiffs' counsel did not provide any information justifying the claims asserted against MasterCard, and simply wrote that:

> [his and his clients'] position is that Mastercard [sic] has violated laws, the details of which are adequately plead. Mastercard [sic] made Olint payments while engaged in a conspiracy with Hallmark Bank and David Smith. David Smith has been charged with moneylaudering [sic] in the Turks and Caicos, moneylaundering [sic] which implicates Mastercard [sic]. A US criminal investigation is currently focusing on these issues.

Oct. 30, 2009, email from D. Rowe to G. Morello, Morello Decl. Ex. 12. MasterCard's counsel explained to Plaintiff's counsel that the latter's contention still did not support the claims asserted against MasterCard. Specifically, in relevant part MasterCard's counsel wrote:

> [W]hile I do not understand what you are referring to when you state in your email that "MasterCard made Olint payments," I still do not see how such an allegation can support your federal securities claims. Further, you state that MasterCard was part of a conspiracy; but a party cannot be liable in a private action under the federal securities laws for being part of an alleged conspiracy that purportedly violated those laws – only the SEC can proceed with such a claim. A party can be liable for federal securities laws violations in a private action only if that party was alleged to have been a primary actor whose conduct satisfied each and every element of a federal securities law claim.

Oct. 30, 2009, email from G. Morello to D. Rowe, Morello Decl. Ex. 12.

The next day, in an email titled "Second Thoughts Without Prejudice," Plaintiffs' counsel informed MasterCard's counsel that by November 15, 2009, he would amend the complaints in *Dowe* and *Jones*, two of the federal claims cases. *See* Oct. 31, 2009, email from D. Rowe to G. Morello, Morello Decl. Ex. 13. MasterCard's counsel responded that MasterCard essentially had

8

no objection so long as certain reasonable conditions were met. *See* Nov. 3, 2009, email from G. Morello to D. Rowe, Morello Decl. Ex. 13. Plaintiff's counsel agreed to MasterCard's conditions. *See* Nov. 5, 2009, email from D. Rowe to G. Morello, Morello Decl. Ex. 13.

By November 17, 2009, two days after the agreed-to deadline for amending complaints, MasterCard's counsel still had not received any amended complaints and thus asked Plaintiffs' counsel when they would be received. *See* Nov. 17, 2009, email from G. Morello to D. Rowe, Morello Decl. Ex. 13. Plaintiffs' counsel responded that he needed "a few more days." Nov. 18, 2009, email from D. Rowe to G. Morello, Morello Decl. Ex. 14. MasterCard's counsel proposed that Plaintiffs' counsel provide the amended complaints by November 24, 2009. *See* Nov. 18, 2009, email from G. Morello to D. Rowe, Morello Decl. Ex. 14. Plaintiffs' counsel did not meet that deadline. *See* Morello Decl. ¶ 23. On December 8, 2009, MasterCard's counsel asked Plaintiffs' counsel "what is the status of your commitment to provide to us complaints and/or amendments as outlined in" the earlier agreement. Dec. 8, 2009, email from G. Morello to D. Rowe, Morello Decl. Ex. 15.

Plaintiffs' counsel did not respond until January 4, 2010, when he wrote that he would speak with his clients the next day and that he believed "Dowe, Jones and Walker will agree to technical changes in the securities claims of their complaints." Jan. 4, 2010, email from D. Rowe to G. Morello & B. Blackwell, Morello Decl. Ex. 16.[7] The next day, in relevant part MasterCard's counsel informed Plaintiffs' counsel that MasterCard had not been served with the complaints in *Dowe* or *Jones* and thus Plaintiffs' counsel remained free to amend. *See* Jan. 5, 2010, ltr. from G. Morello to D. Rowe at 2, Morello Decl. Ex. 17. Despite committing to

---

[7] It is unclear whether Plaintiffs' counsel's reference to "Walker" was a reference to the *Walker* case, which is a state claims case, or to this case, which is a federal claims case in which the plaintiff in *Walker* (Christopher Walker) is also a plaintiff.

9

provide amended complaints more than three months ago, to date Plaintiffs' counsel has neither filed nor served or otherwise provided to MasterCard's counsel any amended complaint. *See* Morello Decl. ¶ 23.

As noted above, this case was filed on December 2, 2009, and on or about December 4, 2009, MasterCard first learned of it when MasterCard's counsel received a copy of the Complaint. *See id.* ¶ 3. The motions to dismiss filed by MasterCard in multiple related cases; the multiple communications between MasterCard's counsel and Plaintiffs' counsel concerning both state claims cases and federal claims cases; and the lengthy time Plaintiffs' counsel had to try to fashion non-frivolous claims against MasterCard in the more than six months before the filing of this case, as detailed above, demonstrate that Plaintiffs' counsel's decision to proceed against MasterCard with the claims in the Complaint was unreasonable and vexatious and thus violates Section 1927.

## ARGUMENT

### I. PLAINTIFFS' COUNSEL'S CONDUCT WARRANTS SANCTIONS UNDER 28 U.S.C. § 1927

Section 1927 provides that any attorney "[w]ho so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Under that provision, sanctions are appropriate when (1) an attorney engages in "unreasonable and vexatious" conduct; (2) that conduct "multiplies the proceedings;" and (3) the amount of the sanction bears a "financial nexus to the excess proceedings." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F. 3d 1230, 1239 (11th Cir. 2007). Here, Plaintiffs' counsel's conduct satisfied each of these requisite elements for an award of sanctions.

### A. Plaintiffs' Counsel's Assertion Of The Claims In This Case Against MasterCard Is "Unreasonable And Vexatious"

An attorney multiplies proceedings "unreasonably and vexatiously" when the attorney's conduct is "so egregious that it is tantamount to bad faith." *Id.* (internal quotations omitted). The requisite "bad faith" is determined by the attorney's <u>objective conduct</u>, and not by his or her subjective intent, so malicious intent, bad purpose, or similar subjective finding is not necessary to conclude that Plaintiff's counsel's conduct here was unreasonable and vexatious. *Id.* at 1239-40. Of relevance here, an attorney acts with requisite bad faith, and thus is subject to sanctions, when the attorney recklessly pursues a frivolous claim as measured against an objective standard, even if the attorney does not act "knowingly and malevolently" or otherwise with the intent of multiplying proceedings. *Id.* at 1241; *see Smith v. Grand Bank & Trust of Florida*, 2005 WL 6106148, *9 (S.D. Fla. 2005) ("A determination of bad faith is warranted where an attorney . . . recklessly pursues a frivolous claim . . . ."); *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (same); *Torres*, 264 F. Supp. 2d at 1055 ("Plaintiff's counsel's intentional, continued prosecution of this case, which had no plausible legal or factual basis, was unreasonable and vexatious to the judicial process and tantamount to bad faith."). Recklessness involves a "gross deviation from conduct that might be reasonable in the circumstances." *Schwartz*, 341 F.3d at 1227.

Plaintiffs' counsel here acted unreasonably and vexatiously in asserting the claims in the Complaint against MasterCard because, at a minimum, he recklessly pursued frivolous claims. As explained in detail in MasterCard's Motion to Dismiss, the Complaint does not come remotely close to pleading any claim against MasterCard in accordance with the requirements of Rule 8 of the Federal Rules of Civil Procedure and of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), let alone with the heightened pleading standard imposed on some of the claims by

11

Rule 9(b) and the Private Securities Litigation Reform Act of 1995. Indeed, as shown in MasterCard's Motion to Dismiss the Complaint is so deficient that it does not plead facts supporting most of the elements of the claims it asserts against MasterCard. And particularly egregious is that as a matter of law the plaintiffs cannot succeed against MasterCard with <u>three of the six claims</u> (*i.e.*, the second and third claims, which attempt to plead violations of Section 17 of the Securities Act, and the ninth claim, which attempts to plead violations of the Patriot Act) because there unequivocally is no private right of action with respect to those claims. *See* MasterCard Mot. to Dismiss at 8, 16-17. This alone warrants sanctions under Section 1927 because the filing of claims against MasterCard based on the deficient allegations in the Complaint is a "gross deviation from conduct that might be reasonable in the circumstances." *Schwartz*, 341 F.3d at 1227.

But the circumstances here establish that the filing of this case as against MasterCard is even a greater deviation from reasonable conduct. As detailed above, in light of the communications between MasterCard's counsel and Plaintiffs' counsel and the motions to dismiss filed in related cases, all of which occurred <u>before</u> this case was filed, Plaintiff's counsel had ample notice before he filed this case that his sparse and thin allegations concerning MasterCard did not support any claim against MasterCard, let alone the claims he asserted against MasterCard in the Complaint.

Worse still for Plaintiffs' counsel is that this is an instance in which the facts as perceived and alleged by him, even if true, do not come remotely close to pleading any of the claims asserted against MasterCard.[8] In other words, Plaintiffs' counsel either (1) failed to perform even the most basic amount of diligence to determine whether those perceived facts supported a

---

[8] For this reason, Plaintiffs' counsel could not amend the complaint in this or any related case to state a claim against MasterCard.

12

claim against MasterCard or (2) ignored the results of any such diligence.  As in *Smith*, at the time Plaintiffs' counsel asserted claims against MasterCard in this case, those claims were without any factual or legal basis, Plaintiffs' counsel was on notice, and Plaintiffs' counsel had a duty not to assert them.  *See Smith*, 2005 WL 6106148 at *10; *see also Avirgan*, 932 F.2d at 1582 ("When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest.").  By filing the Complaint under these circumstances, Plaintiffs' counsel "either knowingly or recklessly raised a frivolous argument" and thus violated Section 1927.  *Smith*, 2005 WL 6106148 at *11.  He also acted vexatiously as contemplated by Section 1927 because, as shown above, the claims against MasterCard are "without reasonable or probable cause or excuse."  *See Smith*, 2005 WL 6106148 at *11.[9]

### B. Plaintiffs' Counsel's Unreasonable And Vexatious Conduct Has Multiplied The Proceedings

Despite having pre-suit notice of no factual or legal basis for the claims asserted against MasterCard, Plaintiffs' counsel recklessly filed and has maintained this case.  In connection with this suit, Plaintiffs' counsel's unreasonable and vexatious conduct began, at the latest, with the filing of this case, and thus he began "multiplying the proceedings" as contemplated by Section 1927 no later than at that time.  *See Smith*, 2005 WL 6106148 at *11.  To date, the filing and maintenance of this case has required that MasterCard unnecessarily expend resources on a motion to dismiss, a corporate disclosure statement, a notice of pending related cases, the

---

[9]     Under the Court's inherent powers, it may impose sanctions for bad faith conduct against both Plaintiffs' counsel and the plaintiffs.  *See, e.g.*, *Smith*, 2005 WL 6106148 at *12.  However, at this stage MasterCard does not seek sanctions against the plaintiffs; the sanctionable conduct that is the target of this motion relates to the frivolous nature of legal theories, and thus falls squarely within counsel's responsibilities.  Of course, MasterCard reserves the right to seek sanctions against the actual parties in the future if, for example, the Court grants this motion and plaintiffs in the related cases do not voluntarily dismiss their claims against MasterCard.

preparation of this motion, other tasks related to each of these items, and other routine litigation matters.

### C. Determining Appropriate Sanction

The Court may award the "costs, expenses, and attorneys' fees reasonably incurred" because of the conduct that multiplied the proceedings. *Amlong*, 500 F.3d at 1242. Because this motion is based on the reckless filing of frivolous claims against MasterCard, the measure for sanctions in this case should be all of the costs, expenses, and attorneys' fees incurred by MasterCard in connection with this case. However, to avoid unnecessarily incurring additional expenses with respect to filing proof of its reasonable costs, expenses, and attorneys fees, MasterCard respectfully seeks bifurcation of (1) a finding of liability under Section 1927 and (2) an appropriate sanction. Such a process increases efficiency for both the Court and MasterCard. *See, e.g.*, *Smith*, 2005 WL 6106148 at *10 n.9 (concluding "that it would be most efficient to decide the issue of entitlement prior to and separately from the issue of reasonableness"). Assuming the Court finds that Plaintiffs' counsel violated Section 1927, MasterCard respectfully seeks a reasonable time to address the issue of an appropriate sanction and submit supporting proof, including evidence of the fees and costs it has incurred in this matter.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Counsel for MasterCard has conferred with counsel for the plaintiffs in a good faith effort to resolve the issues raised in this motion but they have not been able to resolve them.

### CONCLUSION

For each of these reasons, MasterCard respectfully requests that this Court (1) grant this motion for sanctions and (2) provide MasterCard a reasonable time to submit a memorandum and proof relating to the amount of an appropriate sanction. To the extent the Court determines that sanctions are not warranted under Section 1927, MasterCard respectfully requests that it

issue an order pursuant to Rule 11(c)(3) of the Federal Rules of Civil Procedure requiring Plaintiffs' counsel to show cause why sanctions should not be imposed for, at a minimum, violation of Rule 11(b)(2).

                Respectfully submitted,

                **s/Gianluca Morello**
                Gianluca Morello, FBN 034997
                gmorello@wiandlaw.com
                Michael M. Lamont, FBN 0527122
                mlamont@wiandlaw.com
                WIAND GUERRA KING P.L.
                3000 Bayport Drive, Suite 600
                Tampa, FL 33607
                Tel. 813.347.5100
                Fax. 813.347.5155
                *Attorneys for Defendant MasterCard Worldwide*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 24, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          **s/Gianluca Morello**
          Gianluca Morello, FBN 034997

## SERVICE LIST

*Hylton Nesbeth et al. v. USIMO, et al.*
CASE NO. 0:09-cv-62042-Zloch-Rosenbaum

United States District Court
Southern District Of Florida

**David P. Rowe**
Law Office of David P. Rowe
110 E. Broward Blvd., Suite 1700
Fort Lauderdale, FL  33301
Tel.: (305) 731-0019
Fax: (954) 323-8628
*Attorney for Plaintiffs Hylton Nesbeth, Wayne Gallimore, and Christopher Walker*
Service by U.S. Mail

**Amy S. Rubin**
**Dori K. Stibolt**
Ruden, McClosky, Smith, Schuster & Russell, P.A.
222 Lakeview Avenue, Suite 800
West Palm Beach, FL  33401
Tel:  (561) 838-4547
Fax: (561) 514-3447
*Attorneys for Wachovia Bank, N.A.*
Service by CM/ECF